**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-01736-REB-KLM

LAWRENCE E. JAEGER, and
AMY P. JAEGER,

      Plaintiffs,

v.

HSBC BANK USA, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage
Pass-Through Certificate Series 2006-AR14, and
WELLS FARGO BANK, N.A.,

      Defendants.

---

## ORDER GRANTING MOTION TO DISMISS

---

**Blackburn, J.**

    This matter is before me on the defendants' **Partial Motion To Dismiss** [#15][1] filed

August 2, 2012.  The plaintiffs filed a response [#17], and the defendants filed a reply [#25].  I

grant the motion.

### I.  JURISDICTION

    I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

### II.  STANDARD OF REVIEW

    In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the

allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P.

8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-***

***Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion to

dismiss."  ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993);

---

[1]  "[#15]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF).  I use this
convention throughout this order.

*see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, ___ F.3d ___, ____, 2013 WL 386283, *2 - *3 (10th Cir. 2013); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003). I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Burnett.*, ___ F.3d ____, 2013 WL 386283, *2 - *3. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal

---

[2] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

quotation marks omitted).

### III.  ALLEGATIONS

In 2006, the plaintiffs, Lawrence and Amy Jaeger, signed a promissory note and deed of trust when they refinanced the debt on real estate they owned.  ¶¶ 6 - 7.[3]  In 2008, the Jaegers had an unexpected loss of income and unexpected legal expenses resulting from the decline of the financial industry.  ¶ 12.  Prior to this time, Defendant Wells Fargo Bank, N.A. began servicing the loan.  ¶ 11.  In late 2008, anticipating that they could not continue to make payments as required by the promissory note, the Jaegers contacted Wells Fargo to request a loan modification.  ¶ 13. Wells Fargo noted that the loan was current, and told the Jaegers to call back when they were 90 days delinquent.  *Id.*  The Jaegers did so.  *Id.*  Wells Fargo and the Jaegers agreed to a two year temporary loan modification, and the Jaegers made payments under the terms of the temporary modification while attempting to negotiate a permanent modification.  ¶¶ 14 - 15.  At the end of the two year modification, the monthly payment increased from 4,300 dollars to 8,800 dollars per month.  ¶ 15.

During this time, Wells Fargo led the Jaegers to believe that a permanent modification of their loan was imminent.  ¶ 16.  In December 2011, Wells Fargo told the Jaegers that a permanent modification would be approved if the Jaegers paid an additional 25,000 dollars on the loan.  *Id.*  The Jaegers provided documentation showing that they had 25,000 dollars available to pay Wells Fargo.  *Id.*  Ultimately, Wells Fargo refused to modify the loan.  *Id.*

Wells Fargo began foreclosure proceedings against the property by filing a case under Rule 120 of the Colorado Rules of Civil Procedure (C.R.C.P.).  On June 15, 2011, the Rule 120 court authorized a sale of the property by the Public Trustee.  ¶ 17. The sale date later was continued and rescheduled to permit the Jaegers and Wells Fargo to finalize a permanent loan modification.  *Id.* Ultimately, the foreclosure sale was completed on January 25, 2012.  *Id.* "Up

---

[3]  I refer to the complaint [#7] by paragraph number.

until the morning of January 24, 2012, the Jaegers had been promised they would receive a permanent modification on their loan.  On the morning of January 24, 2012, Wells Fargo told the Jaegers they would not stop the foreclosure sale as they had previously promised." *Id.*

In their complaint, the Jaegers assert several claims against Wells Fargo.  First, they seek a judgment declaring that the defendants have "no standing or other interest in the Note sufficient to foreclose the Note and Deed of Trust."  ¶ 22.  They ask the court to vacate the order approving the foreclosure sale.  ¶ 24. Second, they assert a claim for wrongful, unlawful, unconstitutional foreclosure.  ¶¶ 26 - 33. Included in this claim are allegations that the Jaegers never were provided with a copy of the motion for order authorizing sale under Rule 120, which motion was filed in the foreclosure proceeding.  ¶ 33. Third, they assert a claim for breach of the covenant of good faith and fair dealing.  ¶¶ 34 - 41.  Included in this claim are allegations that Wells Fargo acted as a fiduciary of the Jaegers during the effort to negotiate a loan modification.  Fourth, they allege that the defendants violated the Colorado Consumer Protection Act.  ¶¶ 42 - 45.[4]

In their motion, the defendants argue that the allegations in the complaint are not sufficient to state claims for lack of notice under Rule 120 of the Colorado Rules of Civil Procedure, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the Colorado Consumer Protection Act.  I agree and I grant the motion to dismiss as to these claims.

## IV.  ANALYSIS

### A.  Failure To Provide Notice of Rule 120 Proceeding

Under C.R.C.P. 120(b), notice of a Rule 120 foreclosure proceeding must be provided in certain ways.

---

[4] The format of the complaint [#7] indicates that the consumer protection act claim is a sub-set of the covenant of good faith and fair dealing claim.  However, I read the consumer protection act allegations to assert a claim independent of the covenant of good faith and fair dealing claim.

> Such notice shall be served by the moving party not less than 14 days prior to the date set for the hearing, by: (1) mailing a true copy thereof to each person named in the motion (other than persons for whom no address is stated) at the address or addresses stated in the motion; (2) and by filing a copy with the clerk and by delivering a second copy to the clerk for posting by the clerk; and (3) if a residential property as defined by statute, by posting a true copy in a conspicuous place on the subject property as required by statute. Such mailing and delivery to the clerk for posting shall be evidenced by the certificate of the moving party or moving party's agent.

C.R.C.P. 120(b).

In the Jaeger's foreclosure proceeding, the defendants provided notice as required by Rule 120. *Motion* [#15], exhibits F & G.[5]  "Properly addressed foreclosure notices are presumed to reach the addressee." ***Bd. of Cnty. Comm'ns v. Park Cnty. Sportsmen's Ranch, LLP***, 271 P.3d 562, 576 (Colo. App. 2011) (***citing Stark Lumber Co. v. Keystone Inv. Co.***, 20 P.2d 306, 307 (Colo. 1933)).  "(T)he law presumes delivery of a properly addressed piece of mail." ***Moya  v. U.S.***, 35 F.3d 501, 504 (10th Cir. 1994).  Nothing in the allegations of the complaint tends to rebut this presumption. Although the Jaegers make a conclusory allegation that they were not provided copies of the motion for order authorizing sale or the order authorizing sale, ¶ 33, they do not provide specific factual allegations which substantiate this claim.  Rather, the allegations in the complaint show that the Jaegers had actual notice of the pending foreclosure proceedings. *See, e.g.*, ¶ 17 (sale date continued to allow time for further negotiations by the Jaegers and Wells Fargo).  Therefore, the motion to dismiss must be granted as to the Jaeger's claim that they were not provided proper notice of the Rule 120 proceeding.

<u>B.  Breach of Covenant of Good Faith and Fair Dealing</u>

According to the Jaegers, Wells Fargo told the Jaegers that a permanent modification

---

[5]  In their complaint, the Jaegers refer to various documents used in the Rule 120 proceeding, and claim a lack of notice.  Exhibits F & G concern notice given to the Jaegers and others.  If a document is referenced in or attached to the complaint and is central to plaintiff's claims, I may consider an indisputably authentic copy of the document in resolving a motion to dismiss.  ***See GFF Corp. v. Associated Wholesale Grocers, Inc.***, 130 F.3d 1381, 1384-85 (10th Cir. 1997). Thus, I may consider Exhibits F & G without converting the motion to dismiss to a motion for summary judgment.

would be approved if the Jaegers paid an additional 25,000 dollars on the loan.  ¶ 37.  The

Jaegers provided documentation showing that they had 25,000 dollars available to pay Wells

Fargo, but, ultimately, Wells Fargo proceeded with the foreclosure.  *Id.*   The Jaegers claim this

constitutes a breach of the covenant of good faith and fair dealing.

      This claim is based on alleged oral representations that are not enforceable under

Colorado's Credit Agreement Statute of Frauds, §38-10-124, C.R.S.  This statute provides:

> [N]o debtor or creditor may file or maintain an action or a claim relating to
> a credit agreement involving a principal amount in excess of twenty-five
> thousand dollars unless the credit agreement is in writing and is signed by
> the party against whom enforcement is sought.

§38-10-124(2), C.R.S.  The term "credit agreement" includes "[a] contract, promise, undertaking,

offer, or commitment to lend, borrow, repay, or forbear repayment of money, to otherwise

extend or receive credit . . ." and "[a]ny representations and warranties made or omissions in

connection with the negotiation, execution, administration, or performance of, or collection of

sums due under, any [] credit agreement[]."  §38-10-124(1)(a), C.R.S.  The loan amount at issue

here exceeded one million dollars.  *Motion* [#15], exhibit A (promissory note).  Nothing in the

complaint indicates that the defendants' alleged assurance that a permanent loan modification

would be approved was an assurance memorialized in writing.  ¶¶ 36 - 37.  In the context of the

note and deed of trust at issue here, an alleged oral assurance may not be the basis of a claim

under Colorado law.

      To the extent the Jaegers allege a breach of the covenant of good faith and fair dealing

based on the written terms of their agreements with the defendants, this claim also fails.  Under

Colorado law, every contract

> contains an implied duty of good faith and fair dealing, requiring the parties to the
> agreement to perform their contractual obligations in good faith and in a
> reasonable manner. The purpose of the duty is to effectuate the intentions of the
> parties or to honor their reasonable expectations as expressed in their
> agreement.

>     However, the duty may be relied upon only when one party has

> discretionary authority to perform certain contract terms, including discretionary acts, in good faith. Thus, a breach of the duty occurs when one party uses discretion conferred by the contract to act dishonestly or to act outside the scope of accepted commercial practices to deprive the other party of the benefit of the contract.

*O'Reilly v. Physicians Mut. Ins. Co.*, 992 P.2d 644, 646 (Colo. App. 1999) (citations omitted).

None of the allegations in the complaint shows that the defendants had discretionary authority under the terms of the note, the deed of trust, or the temporary loan modification agreement.  None of the allegations in the complaint indicates that the defendants used discretion conferred by the note, the deed of trust, or the temporary loan modification agreement to act dishonestly or to act outside of accepted commercial practices to deprive the Jaegers of the benefit of their contracts. Therefore, the motion to dismiss must be granted as to the Jaeger's claim that the defendants breached the covenant of good faith and fair dealing.

### C.  Breach of Fiduciary Duty

Factually, this claim is based solely on alleged oral representations by the defendants to the Jaegers.  Given the clear limitations of the Credit Agreement Statute of Frauds, §38-10-124, C.R.S., oral representations may not be the basis of this claim.  The motion to dismiss must be granted as to this claim.

Even if oral representations could be the basis of this claim, I conclude that the allegations in the complaint are not sufficient to state a claim for breach of fiduciary duty.  The term fiduciary means person who is "required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, trust, confidence, and candor" or "one who must exercise a high standard of care in managing another's money or property."  Black's Law Dictionary (9th ed. 2009).  Generally, a money lender is not considered to be a fiduciary because the lender is engaging in a transaction primarily to benefit itself, not the borrower.  *First Nat. Bank of Meeker v. Theos*, 794 P.2d 1055, 1060 (Colo. App. 1990). However, a confidential relationship can be formed when one

party occupies a superior position over another and, as a result, has the opportunity to use that superiority to his advantage over the other. *Id*. at 1061; *United Fire & Casualty Co. v. Nissan Motor Corp*., 433 P.2d 769 (Colo. 1967).  The party claiming the existence of a confidential relationship "must show that he justifiably reposed a special trust or confidence in the other to act in the claimant's interest" and "that the other party either invited or ostensibly accepted the trust imposed." *Id*.

        In the complaint, the Jaegers have not alleged any statements or documents which established a basis for them justifiably to repose a special trust or confidence in the defendants.  Essentially, the defendants agreed to lend money to the Jaegers.  When the Jaegers were unable to pay the debt as agreed originally, the parties made some effort to agree to an alternative arrangement.  The Jaegers allege one or both defendants assured them that an alternative could be found.  In this context, such assurances are not a reasonable basis for the Jaegers to repose special trust and confidence in their mortgage lender.  Thus, even if the alleged oral representations of the defendants are considered, the allegations in the complaint are not sufficient to state a breach of fiduciary duty claim.

### D.  Colorado Consumer Protection Act

        A fundamental element of a claim under the Colorado Consumer Protection Act (CCPA) is that the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property.  *Rhino Linings United States v. Rocky Mt. Rhino Lining*, 62 P.3d 142, 146 - 47 (Colo. 2003).  The allegations in the complaint describe an impact allegedly suffered by the Jaegers, but nothing in the complaint indicates or implies that the defendants' practices had any significant impact on the public.  The allegations in the complaint are not sufficient to state a claim under the CCPA.

### VI.  CONCLUSION & ORDERS

        The allegations in the plaintiffs' complaint [#7] are not sufficient to state a claim for

failure to provide notice in a proceeding under C.R.C.P. 120(b), for breach of the covenant of good faith and fair dealing, for breach of fiduciary duty, or for violation of the Colorado Consumer Protection Act.  The defendants move to dismiss the complaint as to each of these four claims.  The motion to dismiss is granted.

THEREFORE, IT IS ORDERED as follows:

1.   That under FED. R. CIV. P. 12(b)(6), the defendants' **Partial Motion To Dismiss** [#15] filed August 2, 2012, is **GRANTED**;

2.   That under FED. R. CIV. P. 12(b)(6), the plaintiffs' claims for failure to provide notice in a proceeding under C.R.C.P. 120(b), for breach of the covenant of good faith and fair dealing, for breach of fiduciary duty, and for violation of the Colorado Consumer Protection Act, as alleged in the complaint [#7], are **DISMISSED** for failure to state a claim on which relief can be granted.

Dated March 14, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge