IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01736-REB-KLM

LAWRENCE E. JAEGER, and
AMY P. JAEGER,

    Plaintiffs,

v.

HSBC BANK USA, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2006-AR14, and
WELLS FARGO BANK, N.A.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Disqualify Keith A. Gantenbein, Jr. as Counsel of Record for Plaintiffs** [Docket No. 26; Filed February 14, 2013] (the "Motion"). On March 7, 2013, Plaintiffs filed a Response [#28] in opposition to the Motion. On March 25, 2013, Defendants filed a Reply [#30]. The Motion is now ripe for resolution.

**I.  Background**

    This lawsuit arises from the foreclosure and sale of Plaintiffs' real property pursuant to Colorado Rule of Civil Procedure 120 ("Rule 120"). *Compl.* [#7]. Defendants removed this matter from the District Court of Douglas County, Colorado, on July 7, 2012 [#1]. In the instant Motion [#26], Defendants ask that the Court disqualify Keith A. Gantenbein, Jr. ("Attorney Gantenbein") from acting as counsel for Plaintiffs. In support, they provide the

following rendition of relevant facts:

> 1. On May 20, 2011, [Defendant] HSBC filed a Verified Motion for Order Authorizing Sale Pursuant to Rule 120, Colorado Rules of Civil Procedure ("Motion for Order Authorizing Sale") in the District Court for Douglas County, Colorado, Case No. 2011-cv-1284 (the "Foreclosure Case"). The Motion for Order Authorizing sale was filed by Castle Stawiarski, LLC and sought to foreclose on Plaintiffs' property because Plaintiffs were in default under the terms of their mortgage loan.
>
> 2. The "Attorneys for Petitioner" in the caption of the Foreclosure Case included Mr. Gantenbein.
>
> 3. The court in the Foreclosure Case granted HSBC's Motion, the property was sold, and the court issued an Order Approving Sale on February 9, 2012.
>
> 4. On June 5, 2012, Plaintiffs filed their Verified Complaint for Declaratory Judgment and Injunction of Possession of Proeptry [sic] Following Foreclosure Sale ("Complaint") in this action. Among other things, Plaintiffs seek to vacate the Order Authorizing Sale in the Foreclosure Case. The Complaint was filed by Greg J. Ortiz, of Ham & Ortiz, LLC, on behalf of the Jaegers.
>
> 5. Defendants removed the case to this Court on July 5, 2012, and filed an Answer and Partial Motion to Dismiss on August 2, 2012.
>
> 6. On September 10, 2012, Mr. Gantenbein, now of The Gantenbein Law Firm, entered his appearance on behalf of Plaintiffs, and filed Plaintiffs' Response to Partial Motion to Dismiss under his signature.

*Motion* [#26] at 3-5 (citations omitted). Defendants further assert in the Reply that Defendant Wells Fargo, as the servicer of the loan, hired Attorney Gantenbein and his former firm to prosecute the Foreclosure Case. *Reply* [#30] at 3.

Attorney Gantenbein responds, in short, that he, "in no way, participated or assisted [Defendants] in obtaining the very [Rule] 120 order that [Plaintiffs] now seek to do undo." *Response* [#28] at 3. He further asserts that, "Any perceived conflict by the sole fact that the name of undersigned counsel was contained on a pre-printed, auto-merged, mass-

produced, administratively-produced pleading does not exist." *Id.* at 2.

## II. Legal Standard

"A motion to disqualify counsel is addressed to the sound discretion of the district court." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo.1994). "When ruling on a motion for disqualification of counsel, [the Court] must make specific findings and conclusions." *Id.* at 1299 (citation omitted). The Court should evaluate motions to disqualify with suspicion, and it must be aware that such motions may be used to "secure a tactical advantage in the proceedings." *Pappas v. Frank Azar & Assoc., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL 4224196, at *6 (D. Colo. Nov. 27, 2007) (citing *Religious Tech. Ctr. v. F.A. C.T. Net, Inc.*, 945 F. Supp. 1470, 1478 (D. Colo.1996)). Thus, the moving party bears the burden of establishing grounds for the disqualification. *World Youth Day*, 866 F. Supp. at 1299.

Pursuant to D.C.COLO.LCivR 83.4, this District applies the Colorado Rules of Professional Conduct as its standards for professional responsibility. However, "motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, [and thus] are decided by applying standards developed under federal law." *United States v. Stiger*, 413 F.3d 1185, 1195-96 (10th Cir. 2005) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).

## III. Analysis

**A.　Rule 1.9(a)**

Defendants premise their request on Colorado Rule of Professional Conduct 1.9 ("Rule 1.9"). In pertinent part, Rule 1.9(a) prescribes that: "A lawyer who has formerly

represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." The Tenth Circuit's test for disqualification of a lawyer due to an attorney-client relationship is based on Rule 1.9(a) of the ABA Model Rules of Professional Conduct, which is identical to Rule 1.9(a) of the Colorado Rules of Professional Conduct. *Helmer v. Goodyear Tire & Rubber Co.*, No. 12-cv-00685-RBJ-MEH, 2012 WL 6953341, at *3 (D. Colo. Aug. 31, 2012).

> Under Rule 1.9, a party seeking to disqualify opposing counsel must establish that: "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant." . . . . If the movant establishes the first two prongs, an irrebuttable "presumption arises that a client has indeed revealed facts to the attorney that require his disqualification."

*Stiger*, 413 F.3d at 1196 (quoting *Smith v. Whatcott*, 757 F.2d 1098, 1100 (10th Cir. 1985)).

The Court first must consider whether an actual attorney-client relationship existed between Attorney Gantenbein and Defendants. To do so, Defendants must demonstrate that they submitted confidential information to Attorney Gantenbein and that they did so with the reasonable belief that he was acting as their attorney. *Cole*, 43 F.3d at 1384. There is no need to show that they executed a formal contract with or paid fees to attorney Gantenbein. *Stiger*, 413 F.3d at 1196.

Tenth Circuit case law is clear that, "If the moving party makes a non-frivolous allegation that he has had an attorney-client relationship in a substantially related matter, a district court must investigate the allegation further through an evidentiary hearing before

denying a motion to disqualify." *United States v. LaVallee*, 439 F.3d 670, 681-82 (10th Cir. 2006). Further, "[f]ailure to do so constitutes an abuse of discretion." *Id.* at 682. Based on Defendants' rendition of facts as recited above, the Court finds that Defendants have adequately made non-frivolous allegations that Defendants and Attorney Gantenbein could have had attorney-client relationships in a substantially related matter based on Attorney Gantenbein's connection with the underlying Rule 120 foreclosure proceedings while a member of his former law firm. Accordingly, as detailed below, the Court will hold an evidentiary hearing on this matter.[1]

**B.    Rule 1.9(b)**

In the Reply, Defendants assert for the first time that Attorney Gantenbein must also be disqualified pursuant to Rule 1.9(b). *Reply* [#30] at 7-9. Rule 1.9(b) essentially determines whether a lawyer should be disqualified from a matter based on his former firm's representation of a particular party, even if he did not have an actual, personal attorney-client relationship with that party.[2] Defendants assert that they may address this argument in the Reply for two reasons: (1) Defendants mentioned Rule 1.9(b) in the Motion, and (2) Plaintiffs mentioned Rule 1.9(b) in the Response.

The Court finds Defendants' arguments to be rather disingenuous. Nevertheless,

---

[1] To be clear, the Court notes that Tenth Circuit case law does not mandate an evidentiary hearing when the written briefing and attached evidence demonstrate that a motion to disqualify an attorney should be granted. *See, e.g.*, *Helmer*, 2012 WL 6953341, at *3. The filings before the Court do not necessarily require such a conclusion here. The Court emphasizes that it has not made a finding that Attorney Gantenbein actually had an attorney-client relationship with either or both Defendants or that Defendants' contentions that he did have any merit whatsoever. The Court merely finds that the allegations meet the relatively low standard of being "non-frivolous" and that an evidentiary hearing must be held.

[2] Rule 1.9(b) of the Colorado Rules of Professional Conduct is identical to Rule 1.9(b) of the ABA Model Rules of Professional Conduct.

in light of the fact that the law requires the Court to hold an evidentiary hearing prior to ruling on the Motion, the Court will permit Plaintiffs' counsel to respond to the Rule 1.9(b) argument at the hearing.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that an Evidentiary Hearing on the Motion to Disqualify Keith A. Gantenbein, Jr. as Counsel of Record for Plaintiffs [#26] is **SET** for **May 22, 2013** at **1:30 p.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The purpose of the hearing will be for the parties to present <u>live testimony</u> regarding the facts surrounding Defendants' request to disqualify Attorney Gantenbein.

IT IS FURTHER **ORDERED** that the parties shall provide to each other and to the Court a list of exhibits each expects to submit and of witnesses each expects to call at the hearing **no later than May 15, 2013**.

Dated: April 19, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge